IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALFREDO VEGA,

                Plaintiff,

v.                                                                                                                    ORDER

CAPTAIN MORGAN and                                                                    16-cv-573-jdp
CAPTAIN GWEN SCHULTZ,

                Defendants.

---

Plaintiff Alfredo Vega is proceeding on claims that defendants Captain Morgan and Gwen Schultz violated his rights to due process when they found him guilty of violations of prison regulations following an incident in which he was attacked by another inmate at the Columbia Correctional Institution.

Vega has filed a letter stating that he has filed discovery requests with the court "for the reason so plaintiff would be able to amend his complaint by adding the correctional security officers who had close observation of this incident/assault . . . ." Dkt. 13, at 1. It is unclear exactly what Vega is asking this court to do in response to his letter. But I will say that because it is still early in the case, Vega is free to submit an amended complaint restating his claims against defendants Morgan and Schultz, and including new claims against defendant prison officials who failed to protect him from the attack. But he should do so promptly.

From Vega's letter, it appears that he still does not know the identity of each responsible official, but that is not a reason for him to hold off on filing an amended complaint. The caption of his amended complaint should include the name of each official who violated his rights, and the body of the complaint should explain each person's role in

failing to protect him. For those officials Vega cannot yet identity, he should refer to these individuals as "John Doe No. 1," "John Doe No. 2," and so on.

The court usually instructs a plaintiff in Vega's position on how to use the discovery process to figure out the identities of the Doe defendants. But it appears that he is already using the discovery process to do so. In Vega's letter, he seems to be asking the court to compel defendants to his discovery requests, but I will deny that request. I cannot consider whether to compel responses to discovery requests without knowing (1) how the responding party responded to the requests; and (2) why Vega believes those responses are inadequate. Vega should make all the discovery requests he thinks are necessary to reveal the identities of the officials who failed to protect him, and then file a motion to compel if he does not believe that the responding party has properly responded.

In his letter, Vega also asks that when defendants respond to his discovery requests, the cost of copying various documents be paid for using funds from his release account. This echoes Vega's earlier motion for a court order directing the prison business office to pay off the reminder of his failing fee from his release account funds. Dkt. 4. I set briefing on that motion, but the state did not respond.

That does not mean that I can grant Vega's motion as unopposed. Vega's motion is premised on Wisconsin statutes and regulations concerning use of release account funds, and the fact that he is serving a life sentence, which raises the question whether his release account is pointless. But regardless whether it is wise to force Vega to sock away funds in a release account, I cannot tell state officials how to apply state law. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984). The issue is what authority I have to order the business office to change their methods for withdrawing funds from a prisoner's accounts.

The only authority I am aware of concerning this power is the federal Prison Litigation Reform Act, which states that this court "shall . . . collect . . . an initial partial filing fee . . . ." 28 U.S.C. § 1915(b)(1). It also states that prisoners "shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." Section 1915(b)(2). This statute does not give this court authority to direct the state to apply release account funds toward the costs of copies. *See Artis v. Meisner*, No. 12-cv-589-wmc, 2015 WL 5749785, at *6 (W.D. Wis. Sept. 30, 2015) ("The court recognizes that Wisconsin has taken a more liberal approach in ordering the payment of litigation-related fees from release accounts, but that distinction is justified by the textual differences between the Wisconsin PLRA and the federal PLRA."). Nor does it suggest that the court may force the state to pay the remainder of his filing fee in a lump sum directly from his release account instead of from his regular account. Accordingly, I will deny Vega's motions concerning his release account funds.

ORDER

IT IS ORDERED that:

1. Plaintiff Alfredo Vega's motion to compel discovery, Dkt. 13, is DENIED without prejudice.
2. Plaintiff's motions for use of his release account funds, Dkt. 4 & 13, are DENIED.

Entered February 6, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge