IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALFREDO VEGA,

                    Plaintiff,

    v.

CAPTAIN MORGAN and GWEN SCHULTZ,

                    Defendants.

ORDER

16-cv-573-jdp

---

Plaintiff Alfredo Vega brings claims that defendants Captain Morgan and Gwen Schultz violated his rights to due process when they found him guilty of violations of prison regulations following an incident in which he was attacked by another inmate at the Columbia Correctional Institution.

Vega has filed several motions. He states that his legal materials in this case were damaged from a fire in his cell and then removed by prison staff. (In his other open case in this court, No. 17-cv-116-jdp, Vega explains that he set the fire in a suicide attempt.) He requests an order directing the state to provide him with copies of the documents that have been filed or otherwise pertain to this case. Dkt. 32. The state has responded, stating that it will provide Vega with copies of virtually all of the documents filed in the case[1] as well as discovery-related documents. The state says that it will give Vega those documents, but "given the circumstances surrounding the fire in Plaintiff's cell," the state says that it will hand over those documents only pursuant to a court order.

---

[1] The only document the state cannot obtain is Vega's trust fund account statement, which no longer has any relevance to this case.

I will grant Vega's motion and direct the state to provide him with a copy of those documents. Although I expect state officials to keep Vega safe, I understand that by this order I am directing Vega to be provided with flammable materials. I urge Vega not to make further attempts at self-harm, and he should be aware that his access to property may need to be reviewed if he is using it to harm himself. The parties should keep me updated of any developments relating to whether Vega can safely keep legal materials in his cell.

Vega has filed a motion for primary injunctive relief, asking to be transferred to the Waupun Correctional Institution or Green Bay Correctional Institution to avoid harassment from defendants. Dkt. 25. But sometime between the filing of that motion and mid-May, Vega was transferred to the Green Bay prison, so I will deny his motion as moot.

Vega has filed a motion asking for the entry of default against defendant Gwen Schultz, stating that Schultz failed to answer the complaint. Dkt. 36. But the record shows otherwise: the Wisconsin Department of Justice accepted service for defendant Schultz and filed an answer on her behalf. *See* Dkt. 20. There is no reason to enter default against Schultz, so I will deny this motion.

Vega has filed a motion to compel the production of disciplinary documents regarding the incident in which he was attacked. Vega says he needs this discovery for the sole purpose of preparing an amended complaint containing new claims against those present during the attack. Defendants correctly point out that Vega's stated reason puts his request outside the scope of his current claims, which is good enough reason to deny the motion to compel.[2] Also, Vega failed to confer with defendants, which is required under Fed. R. Civ. P. 37(a)(1).

---

[2] In Vega's reply, dated one day after the response deadline, he states that defendants did not file a response. Defendants filed a certificate of service saying that they mailed it to Vega on the deadline day. It is unclear if Vega ever received the response or he jumped the gun on filing

But Vega should not need these reports to file a proposed amended complaint. He should already have relevant information concerning the attack from his own conduct report. And in any event, he does not need to know the identities of staff present at the scene to file claims against them: he could name them as "John Doe" defendants and then seek their identities through discovery. If Vega still seeks to amend his complaint, he should do so as soon as possible, and he should explain why the interests of justice require allowing him to expand the scope of the case. *See* Fed. R. Civ. P. 15(a)(2).

Finally, Vega has filed a motion for appointment of counsel, stating that he cannot afford counsel and he faces impediments litigating the case as a non-lawyer prisoner. Dkt. 23.

I do not have the authority to *appoint* counsel to represent a pro se plaintiff in this type of a case; I can only recruit counsel who may be willing to serve voluntarily in that capacity. To show that it is appropriate for the court to recruit counsel, a plaintiff must first show that he has made reasonable efforts to locate an attorney on his own. *See Jackson v. Cty. of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992) ("the district judge must first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts"). To meet this threshold requirement, this court generally requires plaintiffs to submit correspondence from at least three attorneys to whom they have written and who have refused to take the case. Vega attaches letters to an attorney and to the Milwaukee Bar Association, and he says that he did not receive a response to either letter.

---

his reply before receiving his mail. Because Vega already admits that he sought this discovery for matters outside the scope of his current claims, I will deny his motion to compel without giving him another chance at a reply.

Even assuming that these letters show that Vega has made reasonable efforts, he fails in meeting the second part of the test. This court will seek to recruit counsel for a pro se litigant only when the litigant demonstrates that his case is one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds his ability to prosecute it. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Vega stated impediments are very common among prisoners litigating in this court and are not alone reasons to recruit counsel. Nor am I convinced that this case is too complex for him to litigate. He believes that defendants were biased against him in ruling in his disciplinary proceedings. His task at summary judgment or trial will be to provide evidence showing why he believes this is the case. As the case progresses, Vega is free to renew his motion, but he will have to explain in greater detail why the case is too complex for him to litigate without counsel.

ORDER

IT IS ORDERED that:

1. Plaintiff Alfredo Vega's motion for the state to provide him with copies of documents related to this case, Dkt. 32, is GRANTED.

2. Plaintiff's motion for preliminary injunctive relief, Dkt. 25, is DENIED.

3. Plaintiff's motion for entry of default, Dkt. 36, is DENIED.

4. Plaintiff's motion to compel discovery, Dkt. 24, is DENIED.

5. Plaintiff's motion for the court's assistance in recruiting him counsel, Dkt. 23, is DENIED.

Entered May 24, 2017.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge