IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALFREDO VEGA,

          Plaintiff,

v.

CAPTAIN MORGAN and GWEN SCHULTZ,

          Defendants.

ORDER

16-cv-573-jdp

---

ALFREDO VEGA,

          Plaintiff,

v.

LUCUS WEBER and LINDSEY WALKER,

          Defendants.

ORDER

17-cv-116-jdp

---

Plaintiff Alfredo Vega, a prisoner at the Green Bay Correctional Institution, is litigating two cases against prison officials in this court. He has filed a motion in both cases for an order directing prison officials to allow him the use of release account funds to pay for copies and postage. He states that officials have denied him the use of release account funds and an extension of his legal loan funds, and as a result, he will not be able to fully present evidence in support of his claims. In particular, he says that he will not be able to oppose defendants' summary judgment motion in case no. 16-cv-573. (Defendants have not yet actually filed a summary judgment motion in that case, but it seems likely that they eventually will.)

I will deny Vega's motion for an order mandating use of his release account funds. It is up to prison officials to decide how to apply the release-account regulations; this federal court generally cannot tell state officials how to apply state law. *See Pennhurst State Sch. & Hosp. v.*

*Halderman*, 465 U.S. 89 (1984). There is no federal law permitting this court to require state officials to allow prisoner use of release account funds for litigation costs. It is only when a prisoner's general account has insufficient funds to make an initial partial filing fee payment that the Prison Litigation Reform Act permits this court to order an institution to access a prisoner's release account funds to satisfy that payment. *See, e.g.*, *Mosby v. Wommack*, No. 08-cv-677, 2009 WL 2488011 (W.D. Wis. Aug. 12, 2009) ("[W]ith the exception of initial partial payments, [federal district courts] do not have the authority to tell state officials whether and to what extent a prisoner should be able to withdraw money from his release account."); *see also Artis v. Meisner*, No. 12-cv-589, 2015 WL 5749785, at *5-6 (W.D. Wis. Sept. 30, 2015) ("Absent some authority *requiring* the prison to disburse [petitioner's] release account funds, the court declines to interfere in the administration of Wisconsin state prisons . . . ." (emphasis in original)).

Nonetheless, the Constitution guarantees prisoners the right to have "meaningful access to the courts," *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004) (quoting *Bounds v. Smith*, 430 U.S. 817, 823 (1977)), and part of this right is that "indigent inmates must be provided at state expense with paper and pen to draft legal documents with notarial services to authenticate them, and with stamps to mail them." *Bounds*, 430 U.S. at 824-25.[1] Whether this comes from legal loans or some other source is generally not the court's concern. *Ripp v. Nickel*, 838 F. Supp. 2d 861, 865 (W.D. Wis. 2012) ("It is up to defendant how he insures that

---

[1] Postage, at least for Vega's court filings, should no longer be a concern, because prisoners at GBCI are required to give their court documents to the librarian to be electronically transmitted to the court.

2

plaintiff receives those materials, that is, whether he lends plaintiff the funds he needs to purchase the materials himself or simply provides the materials to plaintiff.").

Thus, it is likely that the state must provide Vega with at least minimal legal materials, whether through the legal loan mechanism or otherwise. I will have defendants show cause why I should not order that Vega be provided legal supplies reasonably necessary to litigate his cases.

ORDER

IT IS ORDERED that:

1. Plaintiff Alfredo Vega's motion for the use of release account funds is DENIED.

2. The state may have until July 19, 2017, to show cause why this court should not order the provision of legal supplies necessary to litigate the case. Plaintiff may have until July 24, 2017, to file a response.

Entered July 5, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge