# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALFREDO VEGA,

                    Plaintiff,

v.

DONALD MORGAN and GWEN SCHULTZ,[1]

                    Defendants.

OPINION & ORDER

16-cv-573-jdp

---

Plaintiff Alfredo Vega, a prisoner currently incarcerated at the Green Bay Correctional Institution, alleges that defendants Donald Morgan and Gwen Schultz violated his rights to due process when they found him guilty of violations of prison regulations following an incident in which he was attacked by another inmate at the Columbia Correctional Institution. After considering the parties' submissions, I conclude that Vega fails to provide any evidence suggesting that defendants violated his due process rights, so I will grant defendants' motion for summary judgment, deny Vega's, and dismiss the case.

**A. Summary judgment**

    **1. Undisputed facts**

The facts are largely adopted from defendants' proposed findings of fact. Vega's summary judgment response is also styled as his own motion for summary judgment; defendants ask me to disregard the filing because it does not comply with this court's procedures for briefing summary judgment. In particular, he does not explicitly cite to evidence supporting his proposed findings of fact. Vega's submission is brief, straightforward, and I can

---

[1] I have amended the caption to include defendant Morgan's first name.

understand what evidence supports his proposed findings, so I will not disregard the filing. But because Vega fails to respond to defendants' proposed findings, I will consider those findings undisputed unless they conflict with Vega's.

Plaintiff Alfredo Vega is currently incarcerated at the Green Bay Correctional Institution. This case involves events that occurred while he was incarcerated at the Columbia Correctional Institution.

On September 17, 2015, Captain Miller wrote Vega Conduct Report No. 2646574 for fighting with another inmate. Vega was charged with assault, disobeying orders, and violating the regulation prohibiting "group resistance and petitions." Miller's conduct report stated that Vega and his assailant were both members of the Latin Kings gang, and that their fight followed their disagreement over whether to retaliate for a previous assault at the prison, and over the assailant tattooing his cellmate with the emblem of another gang. Vega denies being in the gang. Unit Manager Lindsey Walker offered Vega an "uncontested disposition" of 180 days of disciplinary separation, which Vega turned down to proceed with a contested hearing.

Defendants Captain Donald Morgan and Captain Gwen Shultz served as the committee for Vega's September 28, 2015 disciplinary hearing. Vega appeared at the hearing, along with his staff representative. Vega stated that he was attacked by another inmate and that he fought back in self-defense.[2] He said that this altercation happened after his unsuccessful attempt at mediating a dispute between different "security threat groups"—gangs—at CCI. Vega called Captain Keller as a witness. Keller had interviewed Vega as part of the investigation. Keller

---

[2] It is unclear whether Vega testified at the hearing or a summary of his earlier interview was read into the record, but he does not contend that the summary of his testimony included in the conduct report hearing record is incorrect.

2

stated that Vega never told him that Vega participated in gang activities, and that Vega never said that both he and the assailant were "shot callers" for the Latin Kings. Keller said he never received information indicating that Vega was a shot caller. But Keller also testified that the dispute between Vega and his assailant was "about what was going on with the Latin Kings." Dkt. 46-2. Vega initially requested Miller to testify at the hearing, but he ultimately declined to have Miller testify. Morgan and Shultz also reviewed video footage of at least part of the incident. Following the hearing, Morgan and Schultz found Vega guilty of the assault and "group resistance and petitions" charge. They ordered that Vega be placed in disciplinary separation for 180 days.

Morgan and Schultz did not discuss the conduct report or the uncontested disposition offer with Captain Miller, Security Director Weber, or Unit Manager Walker prior to the hearing and were not involved with the earlier offer of the uncontested disposition. Morgan and Schultz say they decided to sentence Vega to 180 days of disciplinary separation for several reasons, including that he had previous dispositions of similar offenses, the severity of the alleged violations, and the evidence presented at the hearing, including video of the fight. They say that the length of the uncontested-disposition offer was not a factor in their sentence.

Vega appealed Morgan and Schultz's decision to the warden, arguing that evidence was not presented at the hearing to support the conduct report. The warden ordered the case returned to Morgan and Schultz "to correct the record," stating, "Reason for decision to be corrected to address if report writer was present + evidence available at hearing." Dkt. 45-1, at 11. The warden did not specifically order a new hearing. Morgan and Schultz did not think a new hearing was needed to address the warden's concerns. On December 11, 2015, Morgan and Schultz completed an amended decision form, including a new statement: "Committee is

3

adding that although the report writer was not physically present for the altercation, he conducted multiple interviews of both inmates involved and other inmate witnesses. Committee also considered video evidence to determine guilt [on both convictions]." *Id*. at 18. Following this correction, the warden's office affirmed Morgan and Schultz's decision. Vega served 180 days in disciplinary separation.

2.  Analysis

Summary judgment is appropriate if a moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When, as here, the parties have filed cross-motions for summary judgment, the court "look[s] to the burden of proof that each party would bear on an issue of trial; [and] then require[s] that party to go beyond the pleadings and affirmatively to establish a genuine issue of material fact." *Santaella v. Metro. Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997). If either party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment against that party is appropriate. *Mid Am. Title Co. v. Kirk*, 59 F.3d 719, 721 (7th Cir. 1995) (quoting *Tatalovich v. City of Superior*, 904 F.2d 1135, 1139 (7th Cir. 1990)). "As with any summary judgment motion, this [c]ourt reviews these cross-motions 'construing all facts, and drawing all reasonable inferences from those facts, in favor of . . . the non-moving party.'" *Wis. Cent., Ltd. v. Shannon*, 539 F.3d 751, 756 (7th Cir. 2008) (quoting *Auto. Mechs. Local 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 748 (7th Cir. 2007)).

A prisoner challenging the process afforded in a prison disciplinary proceeding must show that: (1) he has a liberty or property interest with which the state interfered; and (2) the procedures he was afforded upon that interference were constitutionally deficient. *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989); *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009). In my November 22, 2016 order screening Vega's complaint, I allowed Vega to proceed with due process claims against defendants Morgan and Schultz, although I noted that in the context of cases in which a prisoner receives segregation as a penalty for alleged misconduct (as opposed to the loss of good-time credits), the scope of a prisoner's due process rights has not been well developed. *See* Dkt. 12, at 5. Prisoners facing segregation need receive only "informal, nonadversarial" proceedings, meaning notice of the reasons for the charges, time to prepare, and an "opportunity to present his views" before a "neutral reviewer." *Westefer v. Neal*, 682 F.3d 679, 685 (7th Cir. 2012). I denied Vega leave to proceed on most of his claims and stated the following about the claims that I concluded could proceed:

> It seems doubtful that defendants Morgan and Schultz violated Vega's rights by reconsidering their original decision without him present, but he also alleges that they predetermined the outcome of the hearing, which suggests that they were biased against him. The parties are free to argue about the precise scope of this claim going forward, but for now I will allow Vega to proceed on a due process claim against Morgan and Schultz. At summary judgment or trial, Vega will need to provide evidence showing how he knows that Morgan and Schultz were biased against him by predetermining the disposition of his conduct report hearing.

Dkt. 12, at 7.

Defendants contend that they should be granted summary judgment for three alternative reasons: (1) Vega's 180-day punishment does not implicate a liberty interest; (2) they were unbiased in their decision-making; and (3) they are entitled to qualified immunity. I will focus on the second issue because that is the most straightforward one here.

5

In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Defendants say they grounded their decision on the evidence presented to them. Because Vega has the burden of proving a due process violation, he needs to provide evidence showing that there is a dispute of fact on this question. Because he fails in this task, I will grant summary judgment to defendants.

From the outset, Vega has focused on the unusual procedural history of his disciplinary proceedings to suggest that Morgan and Schultz acted improperly. In his complaint, he contended that defendants held a second hearing without him present. But the undisputed facts show that there was no second hearing: defendants were asked by the warden to better explain the rationale for their decision. They supplemented their report with another paragraph explaining that Miller's conduct report was based on interviews rather than his eyewitness testimony, and stating that they also reviewed video footage in making their ruling.

Vega also contends that his punishment was "predetermined" because he received exactly the same 180-day punishment he was originally offered for forgoing a contested hearing. But particularly given the presumption of honesty mentioned in *Piggie*, the matching penalties alone do not raise a reasonable inference that Morgan and Schultz acted with bias. At most it shows they decided on a common, round number for the penalty. Vega's mere speculation about the reasons for the matching penalties comes nowhere close to raising a disputed issue of material fact needing to be settled at trial. *See Brown v. Advocate South Suburban Hosp.*, 700 F.3d 1101, 1104 (7th Cir. 2012) (speculation or conjecture not sufficient to raise disputed issue of material fact).

Vega also attempts to poke holes in the factual basis for the convictions in an effort to show bias. He says that (1) contrary to the conduct report, he never admitted to being part of a gang; (2) no direct testimony from conduct-report interviewees (other than Vega) was presented at the hearing; and (3) the video evidence "does not show[] any one assaulting any one."[3] Dkt. 46, at 4. This argument raises two due process issues: whether there was sufficient evidence to convict him, and whether defendants were biased. Vega assumes that showing insufficiency of the evidence would prove bias, but that does not logically follow: an incorrect decision does not have to be a biased one. In any case, Vega could not succeed under the very high standard regarding a sufficiency-of-the-evidence due process argument.

Prisoners are usually entitled to a decision supported by "some evidence." *See Jones v. Cross*, 637 F.3d 841, 845 (7th Cir. 2011). This is a "lenient standard requiring no more than a modicum of evidence." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000), *as amended*, (Aug. 18, 2000) (internal citation and quotation omitted). "Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id*. (internal quotation omitted). Evaluating whether some evidence supports a disciplinary decision "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455–56 (1985).

---

[3] Defendants did not submit the video evidence. From their written description of the video, it is unclear whether it captures the incident itself or events between Vega and his assailant that precede the actual fight. It is unnecessary to order the state to produce the video because other evidence is more than adequate to support defendants' ruling in the disciplinary hearing.

I will assume that this standard applies to disciplinary-separation cases. But that doesn't help Vega, because that standard is easily met here given the evidence presented. Vega criticizes the lack of direct eyewitness testimony at his hearing, but the witnesses' statements in the conduct report could be used against Vega: the use of hearsay evidence during a prison disciplinary hearing does not violate due process. *See, e.g.*, *Jackson v. Carlson*, 707 F.2d 943, 948 (7th Cir. 1983); *Alcantar-Lopez v. Holinka*, No. 10-cv-225-bbc, 2010 WL 2104177, at *2 (W.D. Wis. May 25, 2010). And even if that testimony were omitted, the other major source of evidence linking Vega to these infractions is his own testimony. He admits that he got into a fight with his assailant, and that he traded punches with him. And he admits that he acted as a go-between for rival gangs and consulted with gang members about the appropriateness of taking violent action against others.

As for Vega's claim of bias, regardless exactly how much evidence defendants had to support their decision, Vega still needs to show that defendants' bias caused them to convict him, rather than alleged technical mistakes about admissibility of evidence or some other reason. His disagreement with defendants about the outcome is not itself proof of bias. Vega fails to present any evidence indicating why defendants made the decision they did, other than the legitimate reasons stated in the conduct report proceedings. Because he fails to support his suspicion of bias with any evidence, I will deny his motion for summary judgment, grant defendants' motion for summary judgment, and dismiss the case.

**B. Motion to amend schedule**

Defendants have filed a motion to amend the April 23, 2018 trial date and associated pretrial deadlines, Dkt. 51, but this opinion resolves the case, so I will deny this motion as moot.

ORDER

IT IS ORDERED that:

1. Defendants Donald Morgan and Gwen Shultz's motion for summary judgment, Dkt. 41, is GRANTED, and plaintiff Alfredo Vega's motion for summary judgment, Dkt. 46, is DENIED.

2. Defendants' motion to amend the schedule, Dkt. 51, is DENIED as moot.

3. The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered March 14, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge